In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-06-058 CV


______________________


 

GEORGE RUSSELL, KENNETH RUSSELL, 


SUZANNE B. RUSSELL, MARJORIE RUSSELL AND


THE UNIVERSAL ETHICIAN CHURCH, Appellants 



V.



SAM HOUSTON ELECTRICAL COOPERATIVE, INC., Appellee






On Appeal from the 258th District Court


 San Jacinto County, Texas 


Trial Cause No. CV-11,288 






MEMORANDUM OPINION



 George Russell, Kenneth Russell, Suzanne B. Russell, Marjorie H. Russell, and the
Universal Ethician Church, filed a declaratory judgment suit regarding the interpretation of
an easement. Sam Houston Electric Cooperative, Inc. has a twenty-foot wide easement for
electric transmission and distribution lines on plaintiffs' property. The grant also includes
two additional easements. The one at issue here is "for pole guys, tree trimming and access
over, under and across a strip of land 40 feet wide . . . ." In granting summary judgment in
favor of the Cooperative, the trial court construed the easement to allow the Cooperative to
cut the trees, "clear," and maintain the easement. The question presented is whether, under
the language of the easement, the Cooperative has the right to clear-cut all trees in the forty-foot trim easement. We conclude it does not.

 An easement is a nonpossessory interest that authorizes use of property for only
particular purposes. See Marcus Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 700 (Tex.
2002). The easement holder's rights are limited to those expressed in the grant. See DeWitt
County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 103 (Tex. 1999). An easement holder must
exercise the rights granted by the easement in a reasonable manner and with due care. See
Sun Pipe Line Co., Inc. v. Kirkpatrick, 514 S.W.2d 789, 792 (Tex. Civ. App.--Beaumont
1974, writ ref'd n.r.e.) 

 Principles of contract construction and interpretation apply in determining the parties'
intentions expressed in the grant. See Marcus Cable Assocs., 90 S.W.3d at 700-01. Words
not defined in the instrument are given their plain, ordinary, and generally accepted meaning. 
Id. at 701. When the language used in the easement agreement can be given a certain and
definite meaning, a court must interpret the unambiguous easement agreement as a matter
of law. DeWitt County Elec. Coop, 1 S.W.3d at 100. 

 Three easements are present in this grant. The powerline lies within the twenty-foot
easement. On either side are the two "trim" easements. The "trim" easement at issue is a
heavily-wooded forty-foot strip. The grant sets out the easements separately and is more
restrictive in the rights conveyed with the trim easements. Those rights are described as
"trimm[ing] as necessary to prevent falling trees or limbs from striking the electric
transmission and distribution lines, to provide access or to install pole guys." Attached to the
agreement as "Exhibit A," and "controllingly made a part of this instrument for all intents
and purposes[,]" is a drawing of the typical pole configurations and of the measurements of
easement boundaries. The drawing includes a dotted line labeled "trim line" that extends
upward at a forty-five degree angle away from the base of the pole to the outer edge of the
forty-foot easement. This depiction of a trim line is consistent with the grant of a limited
right to cut the trees and limbs within the forty-foot easement only as necessary to prevent
falling trees or limbs from striking the electricity lines, to provide access or to install pole
guys. 

 Although the trial court's order appears to limit the right to cut trees within the forty-foot easement, the trial court's order also interprets the easement as providing the right to
"clear and maintain the easement subject to limitations on the use of defoliants and
herbicides." Appellants argue appellee does not have a right to "clear-cut" the forty-foot
strip. On this record, we agree. 

 The easement can be given a definite meaning. We interpret it as a matter of law. 
The "defoliant or herbicide" provision is as follows: 

 It is further understood that to clear or maintain the easement herein granted
the Grantee shall not apply or cause to be applied any defoliant or herbicide to
the trees or natural veg[e]tation thereon but shall in lieu thereof perform such
work with portable chain saws, tractor mounted mowers or like equipment. 


This general paragraph follows the specific easement paragraphs and applies to all three
grants. Whether using the twenty-foot easement for the construction of the electric and
transmission distribution lines or using the forty-foot easement for "pole guys, tree trimming,
and access[,]" the Cooperative is not to use defoliants or herbicides. This provision is not
a grant of a right to clear-cut the forty-foot easement in disregard of the "as necessary"
limitation. 

 The right granted to trim trees and limbs within the forty-foot easement is limited. 
The record does not show that cutting down all trees within the forty-foot easement is
"necessary to prevent falling trees or limbs from striking the electric transmission and
distribution lines, to provide access or to install pole guys." To the extent the order on this
record authorizes a removal of all trees within the forty-foot easement, the order does not
properly construe the easement and is not supported by the record. 

 We overrule appellants' first issue, which complains the trial court did not address the
clear-cutting question, because we believe, as appellee argues, the trial court's order does
authorize the Cooperative to clear-cut the forty-foot easement. Appellants' second issue,
which contends the trial court erred in failing to find the easement language prohibits clear-cutting the forty-foot easement, is sustained. There is no showing that clear-cutting is
"necessary" as defined by the easement. 

 We reverse the judgment and remand the case to the trial court for further proceedings
consistent with this Opinion. 

 REVERSED AND REMANDED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 7, 2006

Opinion Delivered November 16, 2006


Before McKeithen, C.J., Gaultney and Horton, J.J.